1  WILLIAM H. COLLIER, JR., CASB No. 97491
   william.collier@kyl.com
2  JAMES A. MARISSEN, CASB No. 257699
   james.marissen@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate, P.O. Box 1730
   Long Beach, California  90801-1730
5  Telephone:   (562) 436-2000
   Facsimile:    (562) 436-7416
6

7  Attorneys for Plaintiff
   SHAGANG SHIPPING CO., LTD.
8

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

   CV11    01312    MRM   JCG

13  SHAGANG SHIPPING CO., LTD.,      )  Case No.
                                     )
14                     Plaintiff,    )  **VERIFIED COMPLAINT OF**
                                     )  **SHAGANG SHIPPING CO., LTD.**
15         vs.                       )  **FOR MARITIME ATTACHMENT**
                                     )  **AND GARNISHMENT**
16  EMIRATES TRADING AGENCY          )  **PURSUANT TO RULE B OF THE**
    LLC,                             )  **SUPPLEMENTAL RULES FOR**
17                                   )  **ADMIRALTY OR MARITIME**
                                     )  **CLAIMS FOR BREACH OF**
18                     Defendant.    )  **CONTRACT**
                                     )
19                                   )  **[F.R.C.P. SUPPLEMENTAL**
                                     )  **ADMIRALTY RULE B]**
20                                   )
                                     )
21                                   )
                                     )
22                                   )

23

24         Plaintiff SHAGANG SHIPPING CO., LTD. ("Plaintiff" or

25  "Shagang"), by its attorneys of record, Keesal Young & Logan, for its

26  Verified Complaint, alleges as follows:

27

28  ///

                                    - 1 -                    KYL_LB1379916

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction, as more fully appears below, and is an admiralty or maritime claim within the meaning of Rule 9(h) of Federal Rules of Civil Procedure.  The Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1331 and subject matter jurisdiction pursuant to 9 U.S.C. §§ 1 and 8.

2. The relief requested is available pursuant to the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions, Rule B.

3. Venue is proper in this Court because assets of the Defendant, EMIRATES TRADING AGENCY LLC ("Defendant" or "Emirates"), to be attached and/or garnished are located or will shortly be located within the Central District of California.

**THE PARTIES**

4. At all material times, Shagang was and now is a foreign company organized under the laws of the People's Republic of China, with its principal place of business located at Room 4502 Hong Kong New World, Huaihai Zhong Road, Shanghai, 200021, China.

5. Upon information and belief, at all material times, Emirates was and is now a foreign company organized under the laws of the United Arab Emirates, with its principal place of business located at P.O. Box 5239, Ascon House, Salah Al Din Street, Dubai, United Arab Emirates.

**FACTS**

6. By maritime contract of charter dated 11 July 2007, being on an amended NYPE form time charterparty, Shagang time chartered the vessel M/V *HOUSTON* ("the Vessel") to Emirates (the "Charterparty").

KYL_LB1379916

7.     Certain disputes have arisen between Shagang and Emirates relating to Emirates' performance under the Charterparty. These disputes include a failure by Emirates to pay (a) an arbitration award of US$1,942,981.12 obtained by Shagang against Emirates on 13 January 2011 for the hire of the Vessel up until 28 November 2010, (b) interest on the arbitration award of at least US$55,272.19 as provided in the arbitration award dated 13 January 2011, (c) attorney's and arbitrator's fess, costs and expenses as provided in the arbitration award dated 13 January 2011, (d) a balance of US$2,182,500 due and owing from Emirates for the hire of the Vessel up until 27 January 2011, together with interest thereon and (e) for various expenses incurred by Shagang for Emirates' account under the Charterparty in the amount of US$262,500, together with interest thereon ("the Claims").

8.     Despite due demand, Emirates has failed to pay or otherwise secure the Claims which are all presently due and owing to Shagang. Some of the Claims increase daily and Shagang expressly reserves all its rights to claim any and all additional sums howsoever arising as may be due and owning by Emirates under the Charterparty at any time.

9.     As a result of Emirates' breach of the Charterparty, Shagang has and will continue to suffer damages in the total amount of the Claims, exclusive of further hire due, revised hire rates, interest, costs and reasonable attorney's and arbitrator's fees.

10.    Clause 17 of the Charterparty provides that any disputes arising under the Charterparty shall be referred to arbitration in London, England. Shagang has already initiated arbitration proceedings against Emirates in London and obtained an award dated 13 January 2011 in the amount of US$1,942,981.12 for the hire of the Vessel up until 28 November

KYL_LB1379916

1  2010, together with interest and costs. Furthermore, Shagang has also

2  already initiated arbitration proceedings against Emirates in London

3  seeking an award of US$2,182,500 for the hire of the Vessel up until 27

4  January 2011, together with interest and costs and for various other

5  expenses incurred by Shagang for Emirates' account under the

6  Charterparty in the amount of US$262,500, together with interest and

7  costs.

8         11.   Interest, costs and attorney's fees are routinely awarded to

9  the prevailing party under English law. As best as can now be estimated,

10  Shagang expects to recover, at the very least, the following amounts

11  pursuant to the arbitration award and the current arbitration proceedings:

|   |   |   |   |
|---|---|---|---|
| A. | Principal of the Arbitration Award dated 13 January 2011: | | US$1,942,981.12 |
| B. | Interest on the Principal of the Arbitration Award: | | US$55,272.19 |
| C. | Further Hire Due and Owing up until 27 January 2011: | | US$2,182,500.00 |
| D. | Other Expenses: | | US$262,500.00 |
| E. | Interest on items C and D for 1 year at 8% per annum: | | US$195,600.00 |
| F. | Attorneys' and Arbitrators' Fees, Costs and Expenses: | | US$150,000.00 |
| | | **TOTAL:** | **US$4,788,853.31** |

24         12.   Shagang has a right under 9 U.S.C. § 8 of the Federal

25  Arbitration Act to seizure of Emirates' property according to the usual

26  course of admiralty proceedings to obtain security for the arbitration award

27  and in anticipation of the forthcoming arbitration award.

28         13.   Upon information and belief, Emirates was not and is not a

KYL_LB1379916

1  California corporation, has no offices or places of business in California, is
2  not registered to do business in California, and has no registered agent for
3  service of process in California.

4          14.    Upon information and belief, Emirates is not located or
5  present in this judicial District.

6          15.    Based upon the matters set out in paragraphs 13 and 14
7  above, Emirates cannot be found within this District within the meaning of
8  Rule B of the Supplemental Rules for Certain Admiralty or Maritime
9  Claims of the Federal Rules of Civil Procedure, but, upon information and
10 belief, Emirates has, or will have during the pendency of this action, assets
11 within this District (including funds, goods, fuel (bunkers), other fuel oils
12 and lubricating oils, provisions and/or other supplies) and subject to the
13 jurisdiction of this Court held in the hands of garnishees, which are
14 believed to be due and owing to Emirates.

15         16.    Shagang seeks an order from this Court directing the Clerk
16 of Court to issue Process of Maritime Attachment and Garnishment
17 pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime
18 Claims and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8 attaching, *inter*
19 *alia*, any assets of Emirates, whether held by garnishees or not, for the
20 purpose of obtaining personal jurisdiction over Emirates to secure its
21 arbitration award and its claims presently being arbitrated.

22
23                                         **PRAYER FOR RELIEF**
24         WHEREFORE, Plaintiff prays:
25         1.    That process in due form of law according to the practice of
26 this Court in admiralty and maritime jurisdiction issue against the
27 Defendant, citing it to appear and answer under oath all the matters
28 alleged;

KYL_LB1379916

2.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form, including any such property held by any garnishee, which are due and owing to the Defendant, including, but not limited to:

(a)    Emirates' bunkers on board the vessel M/T *CARIBBEAN GALAXY*, which is currently berthed at the Port of Long Beach, California,

in the amount of US$4,788,853.31 to secure Shagang's claim, and that all persons claiming any interest in the same be cited to appear and answer under oath all the matters alleged;

3.    That this Court enter an order staying further proceedings in this action pending proceedings in London arbitration pursuant to the agreement between the parties;

4.    That this Court retain jurisdiction over this matter through to the entry of a final arbitral award and appeals thereof; and

5.    That this Court grant such other and further relief that it may deem just and proper.

DATED:  February 11th, 2011

WILLIAM H. COLLIER, JR.
JAMES A. MARISSEN
KEESAL, YOUNG & LOGAN
Attorneys for Plaintiff
SHAGANG SHIPPING CO., LTD.

1 │ WILLIAM H. COLLIER, JR., CASB No. 97491
2 │ william.collier@kyl.com
  │ JAMES A. MARISSEN, CASB No. 257699
3 │ james.marissen@kyl.com
4 │ KEESAL, YOUNG & LOGAN
  │ A Professional Corporation
5 │ 400 Oceangate, P.O. Box 1730
  │ Long Beach, California  90801-1730
6 │ Telephone:    (562) 436-2000
  │ Facsimile:    (562) 436-7416
7 │
  │ Attorneys for Plaintiff
8 │ SHAGANG SHIPPING CO., LTD.

9

10 │          UNITED STATES DISTRICT COURT

11 │         CENTRAL DISTRICT OF CALIFORNIA

12

13 │ SHAGANG SHIPPING CO., LTD.,       )  Case No.
                                       )
14 │                     Plaintiff,    )  VERIFICATION SUPPORTING
                                       )  VERIFIED COMPLAINT OF
15 │          vs.                      )  SHAGANG SHIPPING CO., LTD.
                                       )
16 │ EMIRATES TRADING AGENCY           )
   │ LLC,                              )
17 │                                   )
18 │                     Defendant.    )
                                       )
19                                     )
                                       )
20

21

22 │              **VERIFICATION**

23 │      I, Shum Man Fu, declare:

24 │      I am the Managing director of SHAGANG SHIPPING CO., LTD.,

25 │ the Plaintiff in the above-mentioned action, and I make this Verification in

26 │ support of its Verified Complaint.  I am personally familiar with the

27 │ underlying facts recited in the Verified Complaint and hereby verify that

28 │ they are true to the best of my knowledge, except to those matters which

- 1 -                        KYL_LB1379449

are stated on information and belief and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California, and the United States of America, that the foregoing is true and correct.

Executed 11th of February, 2011, at Shanghai, China.

_____
Shum Man Fu

- 2 -

KYL_LB1379419