

FILED
CLERK, U.S. DISTRICT COURT
FEB 11 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SHAGANG SHIPPING CO., LTD., ) Case No. CV11-01312 MMM(JCGx)
                           )
         Plaintiff,        ) IN ADMIRALTY
                           )
    vs.                    ) [PROPOSED] ORDER
                           ) REGARDING THE
EMIRATES TRADING AGENCY    ) APPOINTMENT OF
LLC,                       ) SUBSTITUTE CUSTODIAN
                           )
         Defendant.        )
                           )
                           )

Plaintiff SHAGANG SHIPPING CO., LTD. ("Shagang" or "Plaintiff"), by and through its counsel of record, having appeared and made the following recitals:

1.  On February 11, 2011, the Verified Complaint herein was filed seeking request for Process of Maritime Attachment and Garnishment of certain property belonging to Defendant EMIRATES TRADING AGENCY LLC ("Emirates" or "Defendant") within this District as described

- 1 -

KYL_LB1379465

1  in the Verified Complaint on file herein, pursuant to Rule B of the
2  Supplemental Rules for Admiralty or Maritime Claims and Assets
3  Forfeiture Actions and held to satisfy Plaintiff's claims.
4        2.   On February 11, 2011, the Clerk of this Court issued a
5  Process of Maritime Attachment and Garnishment commanding the U.S.
6  Marshal for the Central District of California to attach and take into
7  custody all Defendant's property within this District, whether tangible or
8  intangible, including any such property held by any garnishee, which are
9  due and owing to the Defendant, including, but not limited to:
10           (a)   Defendant's bunkers and/or other fuel aboard the
11                 M/T *CARIBBEAN GALAXY* ("the Vessel") now
12                 berthed at the Port of Long Beach, California,
13  in the amount of US$4,788,853.31 pursuant to Rule B of the Supplemental
14  Rules for Admiralty or Maritime Claims and Assets Forfeiture Actions and
15  to maintain them in his (or her) custody until further Order of this Court.
16        3.   It is contemplated that the U.S. Marshal will seize the
17  Defendant's property forthwith.  The U.S. Marshal does not provide the
18  services for the safekeeping of the property he (or she) attaches.
19        4.   Nielsen Beaumont Marine, Inc., a California corporation,
20  ("Nielsen Beaumont") has agreed to assume the responsibility for the
21  safekeeping the Defendant's property, and has consented to act as its
22  custodian until further Order of this Court, all for a sum, including storage
23  and routine services required for safekeeping of the property, at its
24  customary rates.
25        5.   Nielsen Beaumont, by declaration, avers that it has
26  adequate abilities and supervision for the proper safekeeping of the
27  Defendant's property and that it possesses policies of insurance for
28  commercial marine liability.

6. Further, in accordance with the terms of this Order, Nielsen Beaumont, as Substitute Custodian accepts possession of and responsibility for the Defendant's property.

7. In consideration of the U.S. Marshal's consent to this substitution of custody, Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of Defendant's property and all other necessaries pertaining and belonging to the property, from the time the U.S. Marshal transfers possession of such property to Nielsen Beaumont as Substitute Custodian, and Plaintiffs further agree to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

THEREFORE, IT IS HEREBY ORDERED that the U.S. Marshal for the Central District of California be, and is hereby, authorized and directed, upon his (or her) seizure of the Defendant's property pursuant to the Process of Maritime Attachment and Garnishment, to surrender the possession thereof to Nielsen Beaumont as Substitute Custodian, and that, upon such surrender, the U.S. Marshal shall be discharged from further duties and responsibilities for the safekeeping of the Defendant's property and held harmless by Plaintiff from any and all claims arising whatsoever out of the substitute possession and safekeeping.

IT IS FURTHER ORDERED that Nielsen Beaumont be, and is hereby, appointed the custodian of the Defendant's property to retain it in its custody for possession and safekeeping, for the aforementioned compensation until further Order of this Court.

IT IS FURTHER ORDERED that Nielsen Beaumont may, in its sole professional opinion, operate machinery and/or move the vessel M/T

1  CARIBBEAN GALAXY should it be necessary to safeguard the Defendant's
2  property without further order of the Court.
3       IT IS FURTHER ORDERED that all reasonable expenses for the
4  safekeeping of Defendant's property shall be deemed administrative
5  expenses of the U.S. Marshal and any and all unearned sums paid to the
6  U.S. Marshal by Plaintiff shall be reimbursed to Plaintiff.
7       IT IS FURTHER ORDERED that the Plaintiff's counsel of record
8  will serve a copy of this Order on the Defendant's property and all parties
9  who may appear in this action.

DATED: February 11, 2011

UNITED STATES DISTRICT COURT
JUDGE      Magistrate

**U.S. MAGISTRATE JUDGE**

Presented by:

WILLIAM H. COLLIER, JR., CASB No. 97491
william.collier@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:  (562) 436-2000
Facsimile:  (562) 436-7416

Attorneys for Plaintiff
SHAGANG SHIPPING CO., LTD.

KYL_LB1379465